UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

MARQUIS TODDIE

        Petitioner,

vs.

ROBERT FARLEY,

        Respondent.

CASE NO. 1:12-CV-1540

OPINION & ORDER
[Resolving Doc. No. 1]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is *pro se* petitioner Marquis Toddie's Petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1) Toddie, who is incarcerated at the Federal Satellite Low Elkton ("FSL Elkton") in Lisbon, Ohio, seeks immediate release based on the Court's alleged miscalculation of his sentence under the United States Sentencing Guidelines ("U.S.S.G.") For the reasons set forth below, the Court **DENIES** the petition for writ of habeas corpus.

**I. Background**

Toddie was named in a four count indictment filed in this Court on February 28, 2007. *See United States v. Toddie*, No. 1:07cr0103 (N.D. Ohio)(O'Malley, J.)[1] Following his arrest on May

---

[1] The criminal case was originally assigned to the docket of Judge Kathleen M. O'Malley. Following her appointment to the United States Court of Appeals for the Federal Circuit in 2010, however, the matter was re-assigned randomly to the undersigned on March 3, 2011. *See* L. Civ.
(continued...)

-1-

Case No. 1:12-CV-1540
Gwin, J.

7, 2007, Toddie pled not guilty to the charges and waived his right to a detention hearing.

The United States Attorney filed a Notice of Information on August 13, 2007 seeking to enhance Toddie's sentence pursuant to 21 U.S.C. § 851(a)(1). The Notice identified his conviction for Aggravated Trafficking in Drugs on or about July 8, 1998 in Richland County Common Pleas Court in Case Number 98-CR-272-D. The conviction was described as a felony offense.

On August 15, 2007, Toddie withdrew his not guilty plea and pled guilty to Count 2, possession with intent to distribute cocaine base in violation of 21 U.S.C. §§841(a)(1). *Id* at Doc. No. 24. The court imposed a sentence on November 9, 2007, ordering Toddie to serve 168 months imprisonment, followed by 6 years of supervised release. *Id* at Doc. No. 28. The remaining counts of the indictment were dismissed.

Toddie filed a Notice of Appeal, through counsel, on November 26, 2007. Based on his expressed desire to raise an ineffectiveness of counsel claim on appeal, his attorney moved to withdraw and request the appointment of appellate counsel. Judge O'Malley granted the request by marginal entry, referring the appointment of substitute appellate counsel to the Sixth Circuit. *Id* at Doc. No. 32.

The government filed a Motion to Dismiss Toddie's appeal, which the Sixth Circuit granted. *See United States v. Toddie*, No. 07-4526 (6th Cir. Mar.16, 2009). The appeals court based its decision on a finding that the parties' plea agreement contained a valid appellate-waiver provision. The Sixth Circuit established the validity of the provision by finding Toddie's "guilty plea was

---

[1](...continued)
R. 3.7.

Case No.  1:12-CV-1540
Gwin, J.

voluntary and the colloquy proper under Fed. R. Crim. P. 11." *United States v. Toddie*, No. 07-4526, at 1.

Toddie's present petition raises a number of overlapping theories upon which he attacks the sentence imposed by this Court.  First, he claims the indictment filed against him was a "ruse" because the government "knew that he was only found in possession of 3 ½ grams but less than 5 grams of crack cocaine base."  (Pet. at 7.)  From this he concludes the government never charged him with violating 21 U.S.C. § 841(b)(1)(c) because he possessed less than 5 grams of crack cocaine base.

Secondly, Toddie claims this Court improperly classified him as a Career Offender under U.S.S.G. §4B1.1.  The alleged error stemmed from the Court's reliance on prior convictions that he argues do not meet the criteria outlined in the "Anti-Drug Abuse Act of 1986."  If the Court had properly omitted his Career Offender status, Toddie maintains his sentence would now be complete.

Finally, he relies on a Supreme Court case, *United States v.  Simmons*, ___U.S. ___,130 S. Ct. 3455 (2010), which vacated and remanded an appeal to the United States Court of Appeals for the Fourth Circuit for further consideration in light of *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010).  In *Carachuri-Rosendo* the Supreme Court held, in substance, that prior convictions for "simple" possession of drugs can no longer be the basis for enhancing a subsequent federal sentence.  Toddie argues the sentence for his prior state drug conviction was less than one year, therefore *Carachuri-Rosendo* precludes this Court from enhancing his federal sentence using that prior conviction.  He maintains the Court has subject matter jurisdiction, as

Case No. 1:12-CV-1540
Gwin, J.

established by "<u>Narvaez v. USA</u>, 641 F.3d 877; 2011 U.S. App. LEXIS 11203."[2] (Pet. at 2.)

## II. Legal Standards

A. <u>Initial Screening</u>

This matter is before the court for initial screening. 28 U.S.C. § 2243; *Harper v. Thoms*, No. 02-5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). A court is required to award an application for writ of habeas corpus "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Sixth Circuit has consistently held that "[t]he burden to show that he is in custody in violation of the Constitution of the United States is on the prisoner." *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *cert. denied* 400 U.S. 906 (1970). Petitioner has not met his burden.

B. <u>Federal Habeas not Appropriate to Challenge Sentence</u>

Federal prisoners seeking to challenge their convictions or the imposition of their sentences must file a motion in the sentencing court under 28 U.S.C. § 2255. *See Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.1979). A federal prisoner may not challenge his conviction and sentence under § 2241, "if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied relief,

---

[2]The citation Toddies references was withdrawn and superseded by *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011). In the later opinion, the Seventh Circuit held that the district court appropriately granted a certificate of appealability, but the defendant's sentence was a miscarriage of justice, since the Supreme Court rulings in *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009) made clear that the defendant was not eligible for categorization as a violent offender.

Case No. 1:12-CV-1540
Gwin, J.

unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This safety valve provision under § 2255 allows a federal prisoner to bring a § 2241 claim challenging his conviction or imposition of sentence under extraordinary circumstances. *See United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir.1997

Toddie never filed a motion to vacate his sentence pursuant to 28 U.S.C. §2255. Moreover, he provides no explanation for his failure to do so. *United States v. Barrett*, 178 F.3d 34, 53 (1st Cir.1999), *cert. denied*, 528 U.S. 1176 (2000) ("[W]here a prisoner had an opportunity to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.") He does, however, assert he is entitled to habeas relief based Supreme Court precedent that he believes will justify setting aside the sentence imposed by this Court.

The first hurdle over which Toddie must advance is a finding that his remedy under § 2255 is inadequate or ineffective. Courts have made it clear that § 2255 is not considered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See e.g.,Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir.1999). Nor is the § 2255 remedy considered inadequate or ineffective simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir.1997), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988), or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997); *Garris v. Lindsay,* 794 F.2d 722, 726-27 (D.C.Cir.) (per curiam), *cert. denied*, 479 U.S. 993

Case No. 1:12-CV-1540
Gwin, J.

(1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir.1998). Therefore, to the extent Toddie is barred from filing a §2255, he has not established that his remedy is inadequate or ineffective.

C. Petitioner not "Actually Innocent"

To date, the only circumstance in which the Sixth Circuit has determined § 2255 to be an ineffective or inadequate remedy is when the petitioner stated a facially valid claim for actual innocence. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir.2003). This has permitted access to those prisoners unable to submit claims of actual innocence because they are otherwise barred under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See Charles*, 180 F.3d at 756-57 (collecting cases).

A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.2003); *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). Toddie attacks the propriety of the indictment filed against him and the sentence this Court imposed. Neither challenge involves a claim that the Supreme Court has redefined the behavior to which he pleaded guilty, rendering his actions 'noncriminal.' *See e.g. United States v. Bailey*, 516 U.S. 137 (1995)(prisoners convicted of "using" a firearm during a drug crime or violent crime found themselves innocent when the Supreme Court defined "use" in a restrictive manner).

Toddie's guilty plea reflects an admission of all the elements of a formal criminal charge.

-6-

Case No. 1:12-CV-1540
Gwin, J.

*Johnson v. Zerbst*, 304 U.S. 458, 466 (1938). On appeal, the Sixth Circuit explicitly determined that he knowingly and intelligently entered his guilty plea. Because the criminal charges to which Toddie pled guilty have not been reinterpreted by the Supreme Court since the date of his plea agreement, Toddie cannot argue he actually innocent.

The savings clause has never extended to § 2241 petitioners, like Toddie, who challenge only the sentence imposed by the court. *See Peterman,* 249 F.3d at 462 (vacating habeas relief where petitioners "do not argue innocence but instead challenge their sentences. Courts have generally declined to collaterally review sentences that fall within the statutory maximum.")*; see e.g. Wyatt v. United States*, 574 F.3d 455, 460 (7th Cir.2009); *United States v. Poole*, 531 F .3d 263, 267 n. 7 (4th Cir.2008)("Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence."); *Wofford v. Scott*, 177 F.3d 1236, 1244-1245 (11th Cir.1999) (holding that it is unclear to what extent a petitioner can show actual innocence when challenging his sentence).

Several courts in this circuit have applied the same rule to challenges to sentencing enhancements, which the Sixth Circuit has approved. *See e.g., Grant v. United States*, 72 F.3d 503, 506 (6th Cir.1996) (declining to grant § 2255 relief on a defaulted claim of sentencing error because there was no "breakdown of the trial process"); *Drumwright v. United States*, No. 4:12cv1428, 2012 WL 5205802 (N.D.Ohio, Oct. 22, 2012)(holding that challenge to sentence enhancement based upon prior state conviction is not cognizable under § 2241); *Landt v. Farley*, No. 4:12CV0740, 2012 WL 4473209 (N.D.Ohio, Sept. 26, 2012)(same); *Baldwin v. United States*, 412 F.Supp.2d 712 (N.D.Ohio 2005). Consequently, Toddie's § 2241 claim of "actual

Case No. 1:12-CV-1540
Gwin, J.

innocence" as to his enhanced sentence is insufficient to invoke the savings clause of § 2255 and the provisions of § 2241.

To the extent the statute of limitations has passed for Toddie to file a claim for relief under § 2255, based on the Supreme Court's ruling in *Carachuri-Rosendo*, he has not established his remedy under §2255 is inadequate or ineffective. Contrary to Toddie's claim, *Narvaez* does not establish any basis for this Court's jurisdiction over his petition, as the defendant in that action challenged his Career Offender status through a motion to vacate pursuant to §2255. It was after the trial court denied Narvaez's motion and granted him a Certificate of Appealability (COA), that the Seventh Circuit held that, where post-conviction Supreme Court rulings in *Begay* and *Chambers* applied retroactively and clarified the definition of a "violent felony" under the Armed Career Criminal Act (ACCA), the defendant was not eligible for categorization as a violent offender. *Narvaez*, 674 F.3d at 628. *Narvaez* did not involve a challenge to a sentence through§ 2241 nor did the defendant claim that his remedy under § 2255 was inadequate or ineffective.

### III. Conclusion and Order

Based on the foregoing, the petition is DENIED pursuant to 28 U.S.C. § 2243. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

Case No. 1:12-CV-1540
Gwin, J.

in good faith.

       IT IS SO ORDERED.


Dated: February 5, 2013                                *s/    James S. Gwin*
                                                                      JAMES S. GWIN
                                                                      UNITED STATES DISTRICT JUDGE